FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 17, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DORIS J. MATHENY,<br><br>                    Plaintiff,<br><br>          v.<br><br>DAYTON GENERAL HOSPITAL, NANCY BOWES, CHERYL A. SKIFFINGTON, OMNI GUARDIANSHIP, MARCI PERKINS, and DAWNA JAMES,<br><br>                    Defendants. | No.    2:20-cv-00014-SMJ<br><br><br>**ORDER DISMISSING CASE** |

On April 3, 2020, the Court ordered *pro se* Plaintiff Doris Matheny to amend or voluntarily dismiss her Complaint, ECF No. 1. ECF No. 5. Because Plaintiff is proceeding *in forma pauperis*, *see* ECF No. 4, the Court screened the Complaint for legal sufficiency and identified several deficiencies preventing the Court from directing service of process on Defendants. ECF No. 5; *see also* 28 U.S.C. § 1915(e)(2).[1] On June 1, 2020, Plaintiff filed a 144-page Amended Complaint,

---

[1] "Although §§ 1915 and 1915A reference 'prisoners,' they are not limited to prisoner suits. Therefore, a court has an obligation to review a complaint filed by any person proceeding in forma pauperis." *Buchinger v. County of Spokane*, No. CV-08-0388-EFS, 2009 WL 537511, at *1 (E.D. Wash. Feb. 27, 2009) (citations

ORDER DISMISSING CASE – 1

ECF No. 6. Plaintiff later filed a one-page supplement to the Amended Complaint. ECF No. 8.

Among other deficiencies in the Complaint the Court identified in its April 3, 2020 Order, Plaintiff was cautioned that she had failed to identify a legal basis on which the Court could exercise subject matter jurisdiction over her claims. *See* ECF No. 5 at 5–9. As the Court explained, while "federal question" jurisdiction "allows the Court to resolve claims concerning federal statutory or constitutional law," federal criminal statutes concerning perjury do not provide a private cause of action. *Id.* (citing 28 U.S.C. § 1331; 18 U.S.C. §§ 242, 1621). Nor, the Court explained, does the mere fact that a plaintiff's claims touch on an area of federal law, such as Social Security, provide a sufficient jurisdictional basis. *Id.* at 6. The Amended Complaint again asserts the Court may exercise federal question jurisdiction premised on "perjury involving Social Security." ECF No. 6 at 5. Plaintiff's Amended Complaint identifies no other basis on which the Court could exercise subject matter jurisdiction. *See id.* at 1–144; ECF No. 8. For the reasons explained in the Court's Order to Amend or Voluntarily Dismiss, this is insufficient. *See* ECF No. 5 at 5–9. *See* ECF No. 6 at 5. The Court thus finds Plaintiff has failed to articulate a basis on which it may exercise subject matter jurisdiction over her

---

omitted) (citing *United States v. Floyd*, 105 F.3d 274, 276 (6th Cir. 1997), *modified on other grounds by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1997)).

claims, and this case is dismissed without prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

Plaintiff's Amended Complaint, **ECF No. 6**, is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, provide a copy to *pro se* Plaintiff, and **CLOSE** the file.

**DATED** this 17th day of June 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING CASE – 3